## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA,

         *Plaintiff*,

  v.

NOVELIS, INC.

   and

ALERIS CORPORATION,

         *Defendants*.

No.: 1:19-cv-02033-CAB

## PLAINTIFF UNITED STATES' EXPLANATION OF PLAN
## TO REFER THIS MATTER TO ARBITRATION

Plaintiff United States files this notice to inform the Court of the parties' agreement to refer this matter to binding arbitration following the completion of fact discovery should the parties be unable to reach a settlement.  The Court will continue to retain jurisdiction to review and approve any settlement that may result before or through these procedures.

1. Overview

On September 4, 2019, the United States filed this action to enjoin the proposed acquisition of Aleris Corporation by Novelis Inc.  The United States alleges that the proposed acquisition violates Section 7 of the Clayton Act, 15 U.S.C. § 18, because it is

1

likely to substantially lessen competition in the manufacture and sale of aluminum auto body sheet in the United States.

Prior to the filing of the Complaint, the United States and Defendants agreed that their dispute could be reduced to a single dispositive issue: whether aluminum auto body sheet constitutes a relevant product market under the antitrust laws.  Defining the relevant market is often critical in an antitrust case because it identifies the line of commerce in which the merger's competitive concerns arise.  *See, e.g., ProMedica Health System, Inc. v. FTC*, 749 F.3d 559, 565 (6th Cir. 2014) ("Often, the first steps in analyzing a merger's competitive effects are to define the geographic and product markets affected by it."); *see also 2010 Horizontal Merger Guidelines*, U.S. DEP'T OF JUSTICE AND FED. TRADE COMM'N., at ¶4.

Merger challenges are typically resolved through weeks-long trials involving the submission of thousands of pages of exhibits, and testimony from a substantial number of fact witnesses, as well as extensive expert testimony.  In this case, in part because this merger challenge would turn on a single dispositive issue, the parties have agreed to refer this issue to binding arbitration under the Administrative Dispute Resolution Act of 1996, 5 U.S.C. §571 *et seq.*, in order to lessen the burden on the Court and reduce litigation costs to the merging parties and to the United States.

Federal policy has long favored arbitration as an efficient and economical alternative dispute resolution ("ADR") mechanism that provides parties with a speedier and less costly alternative to litigation.  *See, e.g., AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344–46 (2011) (explaining that the Federal Arbitration Act was designed to

promote arbitration and that discretion in designing arbitration processes "allow[s] for efficient, streamlined procedures tailored to the type of dispute."); *see also Savers Property and Cas. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA¸*748 F.3d 708, 717 (6th Cir. 2014) (same).

    2.   Authority to Use Arbitration Under the Administrative Dispute Resolution Act

The Administrative Dispute Resolution Act of 1996, 5 U.S.C. § 571 et seq., provides authority for a federal agency to use binding arbitration to resolve a matter, provided that agency-specific guidelines on the appropriate use of binding arbitration have been issued. *See* 5 U.S.C. § 575(c). In 1996, the Antitrust Division of the Department of Justice ("Antitrust Division") issued specific guidance on the appropriate use of binding arbitration at Fed. Reg. Vol. 61, No. 136 at 36896 et seq. Pursuant to that guidance, ADR can be used in merger review to reach a settlement. For all of the Antitrust Division's civil matters, proposed consent judgments must be filed in federal district court for public notice and comment under the Antitrust Procedures and Penalties Act of 1974, 15 U.S.C. § 16(b)-(h) (the "Tunney Act"). *See id.* at 36897 n.1. A settlement in this case, for example, would be filed in this Court for review and approval following a public notice and comment period.

To initiate ADR, the Antitrust Division and the private parties must enter into an arbitration agreement in writing, specifying either (1) the issue in controversy to be resolved, or (2) the range of possible outcomes the arbitrator can award. 5 U.S.C. § 575(a). The Assistant Attorney General for Antitrust must authorize the agreement, as the officer with authority to enter into a settlement concerning the matter. 5 U.S.C § 575(b).

Using its authority under the Administrative Dispute Resolution Act of 1996, therefore, the Antitrust Division reached an agreement with Defendants to refer this matter to binding arbitration following fact discovery should the parties be unable to reach a resolution that resolves the United States' competitive concerns with the Defendants' transaction within a certain period of time.  Per the arbitration agreement, binding arbitration will resolve a single issue, the definition of the relevant product market.[1]

3.   Expected Procedures for Discovery and Arbitration

Prior to filing the Complaint, the Antitrust Division conducted a pre-complaint investigation of the proposed acquisition and gathered documents and data from the Defendants as well as other market participants.  This information includes confidential competitively-sensitive information of third parties.  Consistent with its typical approach in merger litigation, the United States will exchange with Defendants initial disclosures and any third-party documents and data that it gathered during its investigation subject to an appropriate Protective Order that protects the confidentiality of that information.

The United States and Defendants will negotiate and then jointly submit a proposed Protective Order to the Court for entry along with a Case Management Order, in accordance with Local Rule 16.3.  The parties have not yet agreed to the terms of a proposed Case

_____

[1] Attached is a redacted copy of the agreement to arbitrate.  It is a Federal Rule of Evidence 408 document and should not be used as evidence of liability on any issue.  Moreover, we have redacted provisions about potential remedies to preserve the confidentiality of sensitive business information.  If a remedy is ultimately finalized, it will be submitted to the Court for review and approval.

4

Management Order, but the United States anticipates that it will allow for the discovery of party and third-party information related to the single issue in dispute.

The United States and the Defendants will work in good faith to commence the arbitral hearing within 120 days of the filing of Defendants' answer, with the arbitral hearing being completed in no more than 21 days, and the arbitrator being asked to issue a decision within 14 days of the conclusion of the arbitral hearing.

If the United States prevails in arbitration, the United States will then file a proposed Final Judgment that requires Novelis to divest certain assets to preserve competition in the relevant market.  The Court would retain jurisdiction to determine whether entry of the judgment is in the public interest.  *See* 15 U.S.C. §16(b)-(h).  If the Defendants prevail in arbitration, the United States will seek to voluntarily dismiss the Complaint.

The United States believes that this procedure will serve the public interest and the administration of justice in this matter because it will increase efficiencies, conserve judicial resources, and reduce the cost of litigating this action to both the parties and the United States.

Respectfully submitted,

**September 9, 2019**

FOR PLAINTIFF UNITED STATES OF AMERICA,


    /s/ Samer M. Musallam
_____

SAMER M. MUSALLAM (OH #0078472)
LOWELL R. STERN
BLAKE W. RUSHFORTH
Antitrust Division
United States Department of Justice
450 Fifth Street, N.W.
Washington, D.C. 20530
Telephone: (202) 598-2990
Facsimile: (202) 514-9033
*samer.musallam@usdoj.gov*

*Counsel for Plaintiff United States of America*

## **Certificate of Service**

I hereby certify that the forgoing *Plaintiff United States' Explanation of Plan to Refer this Matter to Arbitration* was served on all counsel that have entered notices of appearance in this matter via the Court's electronic notification service.

Copies of this filing will also be sent via e-mail to the following:

Dan Wall (Dan.Wall@lw.com)
Amanda Reeves (Amanda.Reeves@lw.com)
Lawrence Buterman (Lawrence.Buterman@lw.com)

*Counsel for Defendant Novelis Inc.*


Nathaniel Asker (Nathaniel.Asker@friedfrank.com)

*Counsel for Defendant Aleris Corporation*

/s/ Samer M. Musallam
*Counsel for Plaintiff United States of America*

7