8/29/19 FINAL
FRE 408 Settlement Communication

## Term Sheet

This term sheet sets forth the terms of the agreement between Novelis Inc., Aleris Corporation (collectively, the "Parties"), and the U.S. Department of Justice Antitrust Division (the "Division"), in connection with the proposed acquisition of Aleris by Novelis (the "Transaction"). To facilitate the resolution of the Division's investigation, the Parties and the Division agree to the following:

1. **Filing of Complaint**. The United States will file a complaint in the United States District Court for the Northern District of Ohio seeking to enjoin the Transaction.

2. **Answer, Case Management Order and Access to Discovery.** The Parties agree that counsel for the Parties will accept service of the complaint and waive formal service of process. The United States will not oppose the Parties' reasonable requests for additional extensions of time to answer.

   Unless otherwise extended or shortened by agreement, the Parties and the Division will jointly file a proposed stipulated Case Management Order on September 30, 2019 (a) stating that the Division will immediately produce to the Parties copies of all documents obtained by the Division from third parties in response to Civil Investigative Demands ("CIDs") in the course of its investigation of the Transaction, as well as all deposition transcripts, subject to a mutually agreed upon protective order that has been entered by the Court, (b) stating that the Division and the Parties shall exchange Fed. R. Civ. P. 26 initial disclosures within 30 days of entry of the Case Management Order, and (c) permitting the Parties and the Division to issue subpoenas and requests for documents related to market definition to Parties or third parties upon entry of the stipulation by the court.

   Contemporaneous with the filing of the proposed Case Management Order, the Parties and the Division shall file a proposed protective order for entry by the Court. The protective order shall permit outside counsel for the Parties to review all discovery. Upon entry of the Case Management Order by the court, the Parties and the Division will promptly issue their requests for documents or subpoenas.

3. **Negotiation of a Possible Remedy**. Novelis agrees to continue negotiating in good faith with ██████████████████████████████████████████████████ ██████████ pursuant to the term sheet provided to the Division on July 17, 2019 and as updated in a ████████████████████████████████████ and accompanying term sheet. Novelis agrees to provide the Division with weekly status updates about its negotiations with ████ The Division agrees that the ████████████ is an acceptable and appropriate remedy in the context of a settlement with the Division (subject to review and approval by the Division and pursuant to the Tunney Act); provided however, (a) that the arbitral hearing pursuant to paragraph 4 below has not yet commenced, and (b) that in the event an arbitration occurs pursuant to paragraph 4 below and the Division prevails, the Parties agree that the divestiture provided in paragraph 4.c will be necessary to remedy the Division's competitive concerns. Therefore, in the event Novelis enters into a

1

8/29/19 FINAL
FRE 408 Settlement Communication

definitive agreement with ▬▬, and the arbitral hearing pursuant to paragraph 4 below has not yet commenced, the Division will negotiate a proposed final judgment with the Parties based on the ▬▬▬▬ and seek court approval as required by the Tunney Act. The Division agrees to cease any arbitration pursuant to Section 4 below in the event a final judgment is reached with the Parties based on ▬▬▬▬.

4. **Stay and Referral to Arbitration**. The Parties and the Division agree that if, following the completion of fact discovery, Novelis has not entered into a definitive agreement with ▬▬ as described in paragraph 3, the Parties and the Division will file a joint motion to stay the federal district court litigation and refer the matter to binding arbitration pursuant to the Administrative Dispute Resolution Act of 1996 (5 U.S.C. § 571 et seq.).

   a. The Terms of Reference shall instruct the Arbitration Tribunal to determine whether aluminum automotive body sheet (ABS) constitutes a relevant product market as that term is used in the Horizontal Merger Guidelines, case law, and/or other applicable authorities, including *inter alia* whether any competitive restraint from steel ABS, in conjunction with other constraints, is sufficient to prevent at least a small but significant and non-transitory increase in price ("SSNIP") of one or more aluminum ABS products by a hypothetical monopolist of aluminum ABS. It is understood and agreed by the Parties and the Division that while the Arbitration Tribunal will not be asked to determine the ultimate question of whether the proposed transaction will substantially lessen competition in a relevant line of commerce, evidence of competitive effects can inform market definition and therefore can be offered in the arbitration.

   b. If the arbitrator determines that the relevant market is broader than aluminum ABS, the Division will exercise its prosecutorial discretion and promptly dismiss its complaint. The Parties will be permitted to close.

   c. If the arbitrator determines that aluminum ABS is a relevant market, the Parties agree to divest ▬▬▬▬▬ to a buyer acceptable to the Division. To effectuate such divestiture, the Parties agree to cooperate with the Division in all respects necessary to secure prompt review and approval of the divestiture pursuant to the Tunney Act. In the event the arbitrator reaches such a decision prior to December 20, 2019, the Division agrees to allow the Parties to close the transaction once the Hold Separate Stipulation and Order contemplated in paragraph 5a below has been entered by the court.

   d. Additional arbitration terms are listed in Exhibit A.

5. **Closing**. The Parties agree that they will not close the Transaction other than as permitted in this paragraph or pursuant to paragraphs 3, 4.b., and 4.c. above. The Parties and the Division agree that the Division need not seek a temporary restraining order or a preliminary injunction. The Parties agree not to initiate a declaratory judgment action against the Division relating to the Transaction. In the event the action to enjoin the Transaction and/or arbitration is still pending on December 20, 2019, the Division agrees to allow the Parties to close the Transaction subject to the following conditions:

8/29/19 FINAL
FRE 408 Settlement Communication

   a.  Novelis agrees to hold ███████████████████████████████
███ separate according to a Hold
Separate Stipulation and Order that has been entered by the court. The Parties and
the Division agree to cooperate to negotiate the terms of the Hold Separate
Stipulation and Order prior to beginning any arbitration pursuant to this term sheet,
and to file the Hold Separate Stipulation and Order with the court 10 days prior to
December 20, 2019;

   b.  Unless Novelis has advised the United States that it is no longer practicable to pursue
████████████████, Novelis agrees to hold ██████████████████████
███████████████████████████ separate according to a Hold
Separate Stipulation and Order that has been entered by the court. The Parties and
the Division agree to cooperate to negotiate the terms of the Hold Separate Stipulation
and Order prior to beginning any arbitration pursuant to this term sheet, and to file
the Hold Separate Stipulation and Order with the court 10 days prior to December
20, 2019; and

   c.  The Division permits, and Novelis agrees, to complete any relief required under
the terms of this agreement following the closing of the Transaction.

In all events, the Parties and the Division must work in good faith to commence the arbitral
hearing within 120 days of the filing of the answer, with the arbitral hearing being completed
in no more than 21 days, and the arbitrator being asked to issue a decision within 14 days of
the conclusion of the arbitral hearing.

Consistent with paragraph 6 of the December 13, 2018 Timing Commitment, the Parties will
provide the Division 10 days' written notice before closing the Transaction, unless the Parties
have received permission from the Division to close within a shorter period.

6.  **Binding Effect; Entire Agreement.** It is the intent of the Parties and the Division that upon
execution of this term sheet by the Parties and the Division, these terms will become binding
and enforceable on the Parties and the Division. These terms represent the entire
understanding and agreement between the Parties and the Division on the matters discussed
herein.



8/29/19 FINAL
FRE 408 Settlement Communication

4

8/29/19 FINAL
FRE 408 Settlement Communication

| Exhibit A | |
|---|---|
| **Commencement:** | The Division and the Parties may commence the arbitration after completion of fact discovery, unless that period is subsequently extended as agreed to by the parties. |
| **Venue:** | Cleveland, Ohio will be the seat of the arbitration. However, for the convenience of the parties, the arbitral hearings will take place in Washington, D.C., unless otherwise needed to facilitate witness attendance or agreed by the Division and the Parties. |
| **Arbitration Rules:** | AAA Rules as the template; open to amendments. |
| **Arbitrator(s):** | The Parties and the Division will use their best efforts to identify a mutually agreeable single Arbitrator.<br><br>If the Parties and the Division are unable to agree on a single Arbitrator, a panel of three neutral Arbitrators will be selected with the following procedure:<br><br>1. The Division and the Parties each will prepare and exchange a list of five acceptable arbitrators.<br><br>2. The Division and the Parties each may then select one Arbitrator from the opposing party's list, who shall each become members of the Arbitral Tribunal.<br><br>3. The Division and the Parties will then attempt to agree on the third member of the Arbitral Tribunal. If the Division and the Parties are unable to agree on the third member, (a) the Division and the Parties each may identify two candidates for the third member of the Arbitral Tribunal from the opposing party's list of acceptable arbitrators, and (b) the first two members of the Arbitral Tribunal shall select the third member from the resulting list of four candidates. |
| **Confidentiality** | All arbitral hearings are to be kept confidential. The confidentiality of evidence will be governed by the protective order to be entered by the court. |
| **Fees and costs:** | Each side to pay its own fees and costs, provided, however, that if the Arbitral Tribunal determines that the relevant market does not include steel, Novelis agrees to reimburse the United States for the fees and expenses of its attorneys, as well as any other costs including experts' fees, incurred in connection with the arbitration. |
| **Pre-Hearing Discovery** | The Division agrees that the availability of pre-hearing discovery from third parties is an essential material term of the Parties' agreement to arbitrate. Throughout the course of all proceedings related to this settlement, the United States will advocate for the Parties to have discovery rights no less favorable than it would have in any other district court litigation and will, should the need arise, join with the Parties in any motions to compel or other proceedings required to obtain discovery from third parties, but only to the extent the issue is the availability of discovery from third parties in this proceeding. |

| Submitting Evidence | At the hearing both sides can submit all evidence that is relevant and material to the arbitration scope, including through document exhibits, deposition transcripts, affidavits, live witness testimony, and expert reports. |
|---|---|
| Statement of Basis for Decision | The Arbitral Tribunal shall include in its Award a brief statement of its reasoning, not to exceed five pages. |